IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HECTOR MEDINA-PENA, :
2449 Allenbrook Drive, Apt. 7 :
Allentown, PA 18103, : CIVIL ACTION
 :
        Plaintiff, :
 : No.
    vs. :
 :
OFFICER JOSEPH M. IANNETTA, :
*Individually and in his official capacity as a* :
*member of the Allentown Police Department* :
425 Hamilton Street :
Allentown, PA 18101, :
 :
OFFICER PATRICK BULL, :
*Individually and in his official capacity as a* :
*member of the Allentown Police Department* :
425 Hamilton Street :
Allentown, PA 18101, :
 : **Jury Trial Demanded**
JOHN/JANE DOES 1-X, :
*Individually and in their official capacities as* :
*members of the Allentown Police Department* :
425 Hamilton Street :
Allentown, PA 18101, :
 :
MAYOR EDWIN PAWLOWSKI, :
*Individually and in his official capacity as* :
*Mayor of the City of Allentown* :
435 Hamilton Street :
Allentown, PA 18101 :
 :
FORMER CHIEF JOEL FITZGERALD, SR. :
c/o Fort Worth Police Department :
505 W. Felix Street :
Fort Worth, TX 76115 :
 :

FILED
OCT 2 0 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

1

|  |  |
|---|---|
| and | : |
|  | : |
| **CITY OF ALLENTOWN,** | : |
| **435 Hamilton Street** | : |
| **Allentown, PA 18101,** | : |
|  | : |
| **Defendants.** | : |

## COMPLAINT

**NOW COMES**, the Plaintiff **HECTOR MEDINA-PENA**, by and through his legal counsel, Joshua E. Karoly, Esquire, and with him Karoly Law Firm, LLC, and does hereby allege and aver the following:

### I. JURISDICTION AND VENUE

1. This action is instituted under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments, and under federal law, particularly the Civil Rights Act of 1871 hereinafter referred to as the "Act," as amended, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988.

2. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, § 1343(a)(3), § 1343(a)(4) and § 1367(a), regarding the principles of pendent and supplemental jurisdiction over related state law claims.

3. Venue in the Eastern District is properly laid pursuant to 28 U.S.C. § 1391, insofar as the alleged unlawful conduct complained of in this Complaint, which forms the factual and legal basis of the Plaintiff's claims, arose

within the geographical limits of this District in general and within the geographical limits of the City of Allentown, Pennsylvania, in particular.

## II. PARTIES

4. Plaintiff Hector Medina-Pena (hereinafter "Medina" or "Plaintiff") is an adult individual, who has a home address of 2449 Allenbrook Drive, Allentown, Pennsylvania.

5. Defendant Officer Joseph M. Iannetta (hereinafter referred to as "Iannetta") is an adult individual who, at all times relevant hereto, was serving in his capacity as a sworn officer of the Allentown Police Department, and was entrusted with the power to enforce the laws of the Commonwealth of Pennsylvania and the Ordinances of the City of Allentown. Defendant Iannetta was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under the authority and color of law, and in concert with one or more of the other individual Defendants in the performance or conduct of their actions, or acted independently of them.

6. Defendant Officer Patrick Bull (hereinafter referred to as "Bull") is an adult individual who, at all times relevant hereto, was serving in his capacity as a sworn officer of the Allentown Police Department, and was entrusted with the power to enforce the laws of the Commonwealth of

Pennsylvania and the Ordinances of the City of Allentown. Defendant Bull was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under the authority and color of law, and acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions, or acted independently of them.

7. Defendant(s) John/Jane Does 1-X (hereinafter referred to as "Doe") are adult individual(s) who, at all times relevant hereto, was/were serving in his/her/their capacity as a sworn officer(s) of the Allentown Police Department, and was/were entrusted with the power to enforce the laws of the Commonwealth of Pennsylvania and the Ordinances of the City of Allentown. Defendant(s) Doe was/were entrusted to protect the Constitutional rights of those he/she/they encountered, and at all times relevant hereto, was/were acting under the authority and color of law, and in concert with one or more of the other individual Defendants in the performance or conduct of their actions, or acted independently of them.

8. Defendant Mayor Edwin Pawlowski (hereinafter referred to as "Mayor Pawlowski") is an adult individual who is an elected official of the City of Allentown and is in direct supervision of the Police Department and its sworn members, and also of the selection of supervisory personnel for the

Allentown Police Department, who are, in turn, by and through him, responsible for the formulation and/or implementation of practices, policies, customs and procedures, as well as the day-to-day operation and oversight, including command and control, of all segments of the Allentown Police Department. Mayor Pawlowski either does, or has failed to, promulgate and enforce laws, rules and regulations concerning the operations of the Allentown Police Department and who at all times relevant hereto, was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance, and supervised or controlled one or more of the other Defendants herein, in their conduct or actions, or inactions, or acted in concert with them, in the performance of their conduct or actions. It is believed, and therefore averred that Defendant Mayor Pawlowski, exercises/exercised authority over the selection, staffing, retention, training, promotions, discipline and operational functions of the Allentown Police Department, with the final and unreviewable decision making authority of a policymaker.

9. Defendant Former Chief Joel Fitzgerald, Sr. (hereinafter referred to as "Chief Fitzgerald") is an adult individual who, at all times relevant hereto, up until on or about October 18, 2015, was a sworn member of the Allentown Police Department with the rank of Chief who was responsible

for the formulation and/or implementation of practices, policies, and procedures, discipline and assignment of officers, hiring and firing, as well as the day to day operation and overseeing and command and control of all segments of the Police Department, and who at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein in their conduct or actions, or acted in concert with them in the performance of their conduct or actions, or acted independently. It is believed, and therefore averred that Defendant Fitzgerald, along with Defendant Pawlowski, was at pertinent times, the ultimate authorities for the staffing, promotions, discipline and/or operational functions of the Allentown Police Department, with the final and unreviewable decision making authority of policymakers.

10. Defendant City of Allentown (hereinafter referred to as the "City") is a municipal corporation, City of the Third Class, and governmental entity within the Commonwealth of Pennsylvania, empowered to establish, regulate, and control its Police Department for the enforcement of laws and ordinances within its jurisdiction, and for the purpose of protecting and preserving the persons, property and the Constitutional rights of

individuals within the geographical and legal jurisdiction of the Defendant City.

### III. PRE-DISCOVERY FACTUAL ALLEGATIONS

11. On or about May 30, 2015 at or about 6:30 p.m., Plaintiff was in the back seat, driver's side, of a Ford Explorer traveling in the City of Allentown.

12. Plaintiff was traveling in the Ford Explorer with 3 other individuals when Allentown Police signaled for the vehicle to pull over.

13. The vehicle came to a stop at S. 5th and Auburn Streets in the City of Allentown.

14. Immediately, Plaintiff complied with Defendant Iannetta's commands to show his hands and exit the car.

15. The Plaintiff voluntarily exited the vehicle, moved to the back of the vehicle, got down on his knees, and raised his hands over his head in plain view of all police officers on scene.

16. At that time, both the front seat passenger and the back seat, passenger side, occupants exited the vehicle, showed their hands, and laid down flat on the ground with their hands on the sidewalk.

17. Plaintiff then, following commands, got down on "all fours" at the back of the Explorer and directly in front of Defendant Iannetta and his patrol car.

7

18. At about the same time that Plaintiff was surrendering peacefully on all fours, the driver of the Explorer was compliantly displaying both of his hands out of the driver's window.

19. Horrifically, while Plaintiff was positioned on all fours, and defenseless, Defendant Iannetta approached Plaintiff with his gun drawn and performed what can only be described as a "WWE" style kick with his booted foot to the Plaintiff's right side of his head and face.

20. Immediately, Plaintiff crumbled to the ground, immobile, and in extreme pain.

21. Defendant Iannetta's kick was in full view of Defendant Bull and potentially other APD officers (John/Jane Does 1-X). Bull, also with his gun drawn, positioned himself on top of the motionless Plaintiff, with his left knee sticking in the Plaintiff's back, his left hand on Plaintiff's left shoulder, and his gun pointed at the two passenger side individuals laid out with their hands showing on the sidewalk.

22. Defendant Iannetta then left the Plaintiff he had just seriously injured, and approached the driver, who had his hands displayed as requested, and stuck his gun into the driver's face, ripped the driver violently out of the car, and threw the driver to the ground.